## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.R., individually and as the parent and natural guardian of A.R, a minor, | : : : | Case No. _____ |
| | : | **COMPLAINT** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, Inc., | : : | Counsel of Record for Plaintiff: |
| | : | |
| Defendant. | : | Mark A. Weiker |
| | : | PA ID # 331431 |
| | : | mark@education-rights.com |
| | : | |
| | : | Kathleen Mahoney |
| | : | PA ID # 77873 |
| | : | kathleen@education-rights.com |
| | : | |
| | : | **Abdnour Weiker LLP** |
| | : | 262 S. 3rd St. |
| | : | Columbus, OH 43215 |
| | : | Telephone: (614) 745-2001 |
| | : | Facsimile: (614) 417-5081 |

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| B.R., individually and as the parent and natural guardian of A.R., a minor, | : | Case No. _____ |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, Inc., | : | |
| | : | |
| Defendant | : | |

## <u>COMPLAINT</u>

Plaintiff, B.R., individually and as parent and natural guardian of A.R., files the within Complaint and in support thereof avers as follows:

## INTRODUCTION

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to vindicate the constitutional rights of Plaintiff A.R. (hereinafter referred to as "Student Plaintiff"), who was denied the opportunity to participate in interscholastic athletics for his hometown public high school (the Quaker Valley School District, hereinafter referred to as "QVSD") solely because Student Plaintiff attends a secular private school. His secular private school does not offer wrestling. The current policy of Defendant Pennsylvania Interscholastic Athletic Association, Inc. (hereinafter referred to as "PIAA" or "Defendant PIAA") treats

students who attend faith-based private schools differently than students who attend secular private schools, discriminating on the basis of religion and denying equal protection to similarly situated students.

2.    The PIAA's policy – which permits students of faith-based private schools to participate in PIAA governed interscholastic sports at their home public school district while excluding students of secular private schools from doing so – is unconstitutional as it violates the Establishment and Free Exercise Clauses of the First Amendment of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment as enforced through 42 U.S.C. § 1983. Additionally, the PIAA's policy of denying athletic eligibility to students of secular private schools is arbitrary and capricious in violation of state law.

## PARTIES

3.    Plaintiff, B.R. (hereinafter referred to as "Parent Plaintiff"), individually and as the parent and natural guardian of A.R. (hereinafter referred to as "Student Plaintiff), a minor, is an individual residing in Allegheny County, Commonwealth of Pennsylvania.

4.    Parent Plaintiff and Student Plaintiff reside within the Quaker Valley School District (hereinafter referred to as "QVSD"). Parent Plaintiff is a taxpayer in the QVSD and the Commonwealth of Pennsylvania.

5.     Defendant, Pennsylvania Interscholastic Athletic Association, Inc. (hereinafter "PIAA" or "Defendant PIAA"), is a domestic non-profit corporation organized and existing in accordance with the laws of the Commonwealth of Pennsylvania with its corporate offices located at 550 Gettysburg Road, Mechanicsburg, Cumberland County, Commonwealth of Pennsylvania.

6.     Defendant PIAA is governed by and operates in accordance with the provisions of its Constitution and Bylaws. A true and correct copy of Defendant PIAA's 2025-2026 Constitution and Bylaws is attached hereto as Exhibit A and incorporated by reference and made a part hereof as if more fully set forth at length.

7.     Defendant PIAA's Constitution and Bylaws are applicable to its member school districts, which are required to comply with the same.

8.     Defendant PIAA is governed by its Board of Directors (hereinafter referred to as "PIAA Board").

9.     As the governing body, the PIAA Board has various powers and authority, including, but not limited to, the power and authority to have general control over all interscholastic athletic relations and contests in which PIAA member schools participate; to elect its own officers who shall be officers of PIAA; to establish its own rules, policies, and procedures; to interpret the provisions of its Constitution, Bylaws, policies, procedures, rules and regulations; and to exercise

such other powers as are in keeping with the growth and needs to PIAA consistent with the provisions of the Constitution, Bylaws, policies, procedures, rules and regulations. See, Exhibit A, p. 4.

10.     Defendant PIAA is a "state actor" within the Commonwealth of Pennsylvania. *See Campbell v. Pa. Interscholastic Athletic Ass'n (Office of Open Records),* 268 A.3d 502 (2021 Pa. Cmmw.), citing, *School Dist. v. Pa Interscholastic Athletic Ass'n,* 453 Pa. 495, 309 A 2d. 353 (Pa. 1973); *See also Commonwealth by Packel v. Pa. Interscholastic Athletic Ass'n*, 334 A.2d 839 (Pa. Cmmw. 1975).

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action arises under the United States Constitution and federal law, including claims brough under 42 U.S.C. § 1983.

12.     Defendant's corporate offices and officers are located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), (4).

14.     Venue is proper in the Middle District pursuant to 28 U.S.C. §§ 1390(a), 1391(b)(2), as Defendant's conduct as set forth in herein occurred within the Middle District of Pennsylvania. Further, the Middle District of Pennsylvania is the district in which related litigation and a consent order have recently been entered. *See Religious Rights Foundation of PA v. Pa. Interscholastic Athletic Ass'n.,* 4:25-CV-1406 (M.D. Pa. 2025).

## MATERIAL FACTS

15.     All preceding paragraphs are incorporated by reference and made a part hereof as if fully set forth herein.

16.     QVSD is one of many member school districts within the PIAA.

17.     As a PIAA member school district, students enrolled within the QVSD are eligible to participate in a variety of interscholastic athletic activities governed by Defendant PIAA's Constitution and Bylaws.

18.     As a resident of the QVSD, Student Plaintiff is eligible in all material respects to attend the QVSD and to participate in the extracurricular and co-curricular activities of the public school district, including PIAA-governed interscholastic athletic activities.

19.     Student Plaintiff currently attends a secular private school that does not offer a wrestling program.

20.     As a "state actor" in the Commonwealth of Pennsylvania, Defendant

PIAA is prohibited from discriminating against Plaintiffs in violation of their rights

under the Free Exercise Clause of the First Amendment of the United States

Constitution. *See Campbell v. Pa. Interscholastic Athletic Ass'n (Office of Open*

*Records)*, 268 A.3d 502, (2021 Pa. Cmmw.), citing, *School Dist. v. Pennsylvania*

*Interscholastic Athletic Ass'n.*, 453 Pa. 495, 309 A 2d. 353 (Pa. 1973); *see also*

*Commonwealth by Packel v. Pennsylvania Interscholastic Athletic Ass'n.*, 334 A.2d

839 (Pa. Cmmw. 1975).

21.     As a state actor, Defendant PIAA cannot enact, adopt, or implement

provisions within its Constitution or Bylaws that violate Plaintiffs' rights, just as

the Pennsylvania General Assembly and the United State Congress cannot enact

statutes that violate Plaintiffs' rights. *See Cantwell v. Conn.,* 310 U.S. 296, 60 S.

Ct. 900, 84 L. Ed. 1213 (1940).

22.     Defendant PIAA has an Equal Opportunity Statement within its

Constitution stating that it "believes that all boys and girls should have equal

opportunity to participate in all levels of interscholastic athletics regardless of race,

color, sex, creed, religion or ethnic background." See, Exhibit A, p. 1.

23.     Defendant PIAA's Constitution further states that its charitable

purpose is to promote and support the educational values of interscholastic

athletics and the high ideals of good sportsmanship, establish and enforce uniform

standards in interscholastic athletic competition among member schools and

support safe and healthy interscholastic athletic competition. See, Exhibit A, p. 1.

24.    Under its Constitution and Bylaws, Defendant PIAA provides students

who are enrolled in PIAA member schools with the right to participate in PIAA

governed interscholastic athletic activities.

25.    Specifically, Defendant PIAA's Bylaws establish criteria for eligibility

to participate in PIAA governed interscholastic athletics as follows:

**Art. III, Section 1. Where Enrolled for Attendance.**

To be eligible to participate in an Inter-school Practice, Scrimmage, or
Contest, a student must be regularly enrolled in a secondary school and in full-time
attendance or be home-schooled.

Except as otherwise provided in this ARTICLE, a student is eligible only at
the school at which the student is enrolled.

See, PIAA Bylaws, Art. III, Section 1, Exhibit A, p. 13.

26.    Defendant PIAA's Bylaws then create numerous exceptions to the

general rule that students are "eligible only at the school at which the student is

enrolled…" See, Exhibit A, p. 13.

27.    These exceptions include:

**Art. III, Section 5. Alternative School Students, Magnet School
Students, and Technology School Students.**

Alternative School students, Magnet School students, and Technology
School students are eligible at only one school for all interscholastic
athletics.  A student attending an Alternative School, a Magnet School,
or a Technology School on a full-time basis is eligible only at said

9

school if said school offers one or more interscholastic athletic programs. A part-time Alternative School student attending a full-time Alternative School, a part-time Magnet School student attending a full-time Magnet School, and a part-time Technology School student attending a full-time Technology School is eligible only at the school which the student would otherwise attend by virtue of the student's residence. All students attending Alternative Schools, Magnet Schools, or Technology Schools, which do not offer any interscholastic athletic programs, are eligible to participate in interscholastic athletics at the schools that the students would otherwise attend by virtue of their residences.

See, Exhibit A, p. 14.

28.    **Art. III, Section 6. Charter School, Cyber Charter School and Faith Based School Students.**

Students enrolled in a Charter School, Cyber Charter School and Faith Based School are eligible only at said school in those interscholastic sports sponsored by that school. In accommodating participation by students enrolled in a Charter, Cyber Charter or Private Faith Based School for sports not sponsored by their school, the following provisions apply:

A.)    Schools are encouraged to enter into a Cooperative Sponsorship Agreement with another PIAA-Member school, as detailed under Article III, Section 10. A Cooperative Sponsorship Agreement will afford all students enrolled in the school the opportunity to participate as part of the Agreement; or

B.)    Absent a Cooperative Sponsorship Agreement, students enrolled in a Charter, Cyber Charter or Private Faith Based School that does not offer a particular interscholastic sport(s) are eligible to participate in that sport(s) at the school which they would otherwise attend, in the public school district of their residences, provided that the students meet all other eligibility requirements, including, but not limited to , school verified evidence of

> full-time attendance, enrollment and completion of the
> CIPPE.

See, Exhibit A, p. 14.

29. **Art. III, Section 7.  Privately-Tutored and/or Home-Schooled Students.**

Students instructed by a properly qualified private tutor under Section 1327 of the Public School Code of 1949 and/or students participating in a home education program under Section 1327.1 of the Public School Code of 1949 are eligible only at the public schools that the students would otherwise attend by virtue of their residences and, for purposes of Cooperative Sponsorship of a Sport agreements, are deemed to be enrolled at the public schools that the students would otherwise attend by virtue of their residences.

See, Exhibit A, p. 14.

30. **Art. III, Section 8A.  Multi-Public School District Academic Arrangements.**

A.    Where students are enrolled in a public school in the public school district of their residence but, pursuant to an agreement between public school districts, attend all of their classes on a full-time basis at a public school in another public school district, the student may be declared eligible by the District Committee for such sport(s) at either (1) a school in the public school district in which the school the student attends is geographically located or (2) at a school in the student's home public school district.  The determination of eligibility shall be made by the District Committee upon its receipt of a written statement from the Principal of the school at which the student will participate that said school will permit the student to participate on its interscholastic athletic Team(s) in such sport(s), and the determination by the District Committee that the student has not transferred for an athletically motivated purpose or has been recruited.
NOTE:       Absent an agreement between public school districts, a
                  student seeking eligibility at a school other than their

school district of their residence will have their eligibility
determined under Article VI, Transfers, Residence, and
Recruiting, Section 4, 5, or 7, of the PIAA Bylaws.

See, Exhibit A, p. 14.

31.    **Art. III, Section 8B.  Students Placed by Court Order or as Result
of Disability.**

A student who has been placed in a school either by court order or
because the student is a Student With A Disability whose Individual
Education Plan (IEP) has concluded that the student's educational
needs could not be accommodated in the public school that the student
would otherwise have attended, may be declared eligible by the
District Committee for such sport(s) at (1) the school the student is
attending; (2) a public school in the public school district in which the
school the student attends is geographically located; or (3) at the
public school the student would otherwise have attended in the
student's home public school district.  The determination of eligibility
shall be made by the District Committee upon its receipt of a written
statement from the Principal of the school at which the student will
participate that said school will permit the student to participate on its
interscholastic athletic Team(s) in such sport(s), and the determination
by the District Committee that the student has not transferred for an
athletically motivated purpose or has been recruited. Appointment of a
legal guardian for the student, or court approval of an agreement
between separating or divorcing parents, does not by itself constitute
placement in a school by court order. When the District Committee
has declared a student eligible at a school, the District Committee may
not declare that student eligible at any other school at which the
student could have been declared eligible unless, in addition to the
other requirements of this provision, it receives a written statement
from the Principal of the school at which the student has been
declared eligible that 14   2025-2026 BYLAWS  15 said school will
no longer permit that student to participate or compete for a position
on any of its interscholastic athletic Teams.

See, Exhibit A, pp. 14 - 15.

32.    In addition to students who are enrolled at PIAA member schools, Defendant PIAA has granted eligibility to participate in athletics to students who attend alternative schools, magnet schools, technology schools, charter schools, cyber charter schools, faith based private schools.

33.    Athletic eligibility is also available for students who are privately tutored or home-schooled, students who are placed by order of the court, and students who are placed as a result of a disability.

34.    These students are eligible to participate in PIAA governed athletic programs at schools in which the students are not enrolled based upon their residency within their respective member school districts.

35.    Importantly, Section 6 of Article III of the PIAA's Bylaws (as set forth in ¶ 28) was recently amended as a result of litigation brought in this Court. *See Religious Rights Foundation of PA v. Pennsylvania Interscholastic Athletic Ass'n.*, 4:25-CV-1406 (M.D. Pa. 2025) (hereinafter referred to as the "*Religious Rights*" litigation).

36.    Prior to the *Religious Rights* litigation, the PIAA excluded students attending all private schools from athletic eligibility.

37.    The *Religious Rights* litigation, brought by Catholic advocacy organization The Thomas Moore Foundation, challenged the constitutionality of

the PIAA's exclusion of students specifically attending faith-based private schools from athletic eligibility. [1]

38. On September 15, 2025, this Court entered an Interim Consent Order in the *Religious Rights* litigation which ordered that "student athletes who are enrolled in Pennsylvania faith-based schools are hereby declared eligible to participate in the PIAA governed interscholastic athletic activities available at their respective home districts if the interscholastic athletic activity is not available at their Pennsylvania faith-based school." See Interim Order of 9/15/2025, attached hereto as Exhibit B.

39.    The Interim Order of the *Religious Rights* litigation resulted in the PIAA amending Article III, Section 6 of its Bylaws to allow students attending faith-based private schools to participate in PIAA sports. As of the filing of this Complaint, the Constitution and Bylaws appear to have been most recently amended as of November 6, 2025.

40.    The newly adopted eligibility rule does not include students attending secular private schools.

41.    A news article appearing online at TribLive on October 16, 2025, states that when asked why eligibility was not extended to students of *all* private

---

[1] The PIAA Constitution and Bylaws define "Private Faith Based School" as "[A] Pennsylvania nonpublic school that integrates religious beliefs into their educational programs and activities." See, Exhibit A, p. 47.

schools, "PIAA executive director Bob Lombardi...said the PIAA board chose not to expand the policy beyond what specifically was requested in the settled lawsuit."

42.    As of the filing of this Complaint, the PIAA has not offered any further public explanation for its decision to extend athletic eligibility to students who attend faith-based private schools while denying eligibility to students who attend secular private schools

43.    Moreover, virtually all Pennsylvania students are now eligible to participate in PIAA sports *except* students who attend secular private schools, as demonstrated in the graphic below:

| Students Eligible to Participate in PIAA Sports | Students Not Eligible to Participate in PIAA Sports |
|---|---|
| • **Students are enrolled in a public secondary school.**<br><br>• **Students who are home-schooled.**<br><br>• **Students who attend alternative schools.**<br><br>• **Students who attend magnet schools.**<br><br>• **Students who attend technology schools.** | • **Students who attend *secular* private schools.** |

- **Students who attend charter schools.**

- **Students who attend cyber charter schools.**

- **Students who attend *faith-based* private schools. (Changed in 10/2025) (Emphasis added)**

- **Students who are privately tutored.**

- **Students who attend classes at a public school in another school district other than their district of residence.**

- **Students placed by the Court.**

- **Students placed due to disability.**

Source: PIAA Bylaws, Exhibit A, pp. 13-14

44.    The PIAA's selective expansion of eligibility for religiously affiliated students while denying it to secular private school students is the core of the discriminatory practice challenged in this Complaint.

45.    Parent Plaintiff sent a letter to QVSD requesting that Student Plaintiff, who attends a secular private school with no wrestling program, be permitted to participate in the wrestling program at QVSD.

46.    By letter dated October 28, 2025, QVSD Superintendent of Schools

Tammy Andreyko, denied Plaintiff Parent's request, stating that,

> The Interim Consent Order that the Pennsylvania Interscholastic
> Athletic Association (PIAA) entered into on September 15, 2025,
> applies only to students who attend faith-based (parochial) schools
> whose schools do not offer the sport in question. Under that order,
> such students are now eligible to participate on public school athletic
> teams under current regulations…
>
> At this time, the order does not apply to students attending non-faith
> based private schools…The PIAA has not amended its bylaws to
> extend eligibility to secular private schools, and therefore, those
> students remain ineligible to participate on public school athletic
> teams under current regulations.
>
> Because Quaker Valley is a member district of the PIAA, we are
> required to comply with all eligibility rules established by that
> governing body. We are not permitted to allow ineligible athletes to
> participate in our team without risking sanctions or penalties.
> Eligibility determinations are governed by the PIAA, not individual
> administrators. Our Athletic Director will follow directions from the
> PIAA policy until any further changes are made.

See, October 28, 2025, letter from Tammy Andreyko to Parent Plaintiff,
attached hereto as Exhibit C.

47.    Upon receipt of this letter, Parent Plaintiff attended a QVSD

school board meeting and requested reconsideration of this decision. When

reconsideration was not granted, Plaintiff Parent sent a letter to Defendant

PIAA requesting eligibility for Student Plaintiff to participate in wrestling at

QVSD. As of the filing of this Complaint, Parent Plaintiff has not received a

response from Defendant PIAA.

48.    Parent Plaintiff has attempted to resolve this matter in good faith with the PIAA and the QVSD.

49.    Parent Plaintiff and Student Plaintiff have suffered, and continue to suffer, an injury in fact, as a direct result of Defendant PIAA's discriminatory conduct as set forth herein.

50.    Plaintiffs request relief that will enjoin and prohibit Defendant PIAA from continuing to act in a discriminatory manner toward Plaintiffs and similarly situated individuals.

## COUNT I

**PLAINTIFFS v. DEFENDANT**
**VIOLATION OF THE FIRST AMENDMENT**
**FREE EXERCISE CLAUSE & ESTABLISHMENT CLAUSES**
**42 U.S.C. § 1983.**

51.    All preceding paragraphs of the within Complaint are incorporated by reference and made a part hereof as if fully set forth herein.

52.    Parent Plaintiff and Student Plaintiff are residents of Quaker Valley School District, which is a PIAA member school district.

53.    Student Plaintiff is eligible in all material respects to attend Quaker Valley School District and to participate in PIAA governed interscholastic athletic activities offered there, including wrestling.

54.    Parent Plaintiff has enrolled Student Plaintiff in a secular private school that does not offer wrestling.

55.    By attending a secular private school, Student Plaintiff is ineligible to participate in wrestling at QVSD, while his counterparts who attend faith-based private schools are eligible to participate.

56.    To date, the PIAA has failed and/or refused to grant Student Plaintiff and similarly situated students the right to participate in PIAA governed interscholastic athletics in the same manner as their faith-based private school counterparts.

57.    Therefore, if a private school "integrates religious beliefs into their educational programs" its students are eligible to participate in PIAA athletics.  If the private school does not, then its students are ineligible to participate in PIAA athletics. This distinction, based solely on religion, violates the Establishment and Free Exercise Clauses of the First Amendment.

58.    The PIAA's policy of granting eligibility to students attending faith-based private schools while denying that same right to students attending secular private schools is subject to strict scrutiny. *See Trinity Lutheran Church of Columbia, Inc. v. Comer,* 582 U.S. 449, 451, 137 S. Ct. 2012, 2016, 198 L.Ed.2d 551, 553 (2017).

59.    "A proper respect for both the Free Exercise and Establishment Clauses compels the State to pursue a course of 'neutrality' toward religion, favoring neither one religion over others nor religious adherents collectively over nonadherents." *Bd. of Educ. v. Grumet*, 512 U.S. 687, 696, 114 S. Ct. 2481, 2487, 129 L. Ed.2d 546, 556 (1994) (quoting *Committee for Public Ed. & Religious Liberty v. Nyquist*, 413 U.S. 756, 792-93, 93 S. Ct. 2955, 37 L. Ed.2d 948 (1973)).

60.    The PIAA's policy violates the Establishment Clause because it fails the basic requirement of government neutrality between religion and nonreligion and impermissibly grants a benefit on the basis of religious status. See, *Larson v. Valente*, 456 U.S. 228, 246, 102 S. Ct. 1673, 1684, 72 L. Ed.2d 33, 48 (1982) (citing, *Everson v. Bd. of Educ.*, 330 U.S. 1 (1947)). By treating students differently because their private school is faith-based, the PIAA has adopted a policy that favors religious status and entangles the PIAA (and indirectly the public schools that follow PIAA guidance) in religious classifications, contrary to constitutional requirements of neutrality and equal treatment.

61.    The PIAA's policy violates the Free Exercise Clause because it forces Parent Plaintiff to choose between enrolling Student Plaintiff in a faith-based private school that teaches religious beliefs not necessarily subscribed to by the Parent Plaintiff or having Student Plaintiff eligible to participate in PIAA governed athletics.

62.    The PIAA's distinction between faith based private school students and secular private school students does not withstand strict scrutiny, nor is it reasonably related to any legitimate government interest in preserving competitive balance, avoiding recruitment, protecting public schools, or promoting student welfare.

63.    There are neutral, viewpoint- and status-blind ways to address any legitimate PIAA concerns (such as residency verification, transfer rules, or waiting periods) that do not depend on whether a student attends a religious school.

64.    As such, the PIAA policy disallowing secular private school students from participating in PIAA governed interscholastic activities is unconstitutional, and the PIAA should be enjoined from enforcing this policy.

## COUNT II

**PLAINTIFF, B.R. v. DEFENDANT**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**DUE PROCESS CLAUSE - FREEDOM OF ASSOCIATION**
**42 U.S.C. § 1983**

65.    All preceding paragraphs of the within Complaint are incorporated by reference and made a part hereof as if fully set forth herein.

66.    Parent Plaintiff has a constitutionally protected due process right to enroll Student Plaintiff in a secular private school. *See Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534, 45 S. Ct. 571, 69 L. Ed. 2d 1070 (1925).

67.    Defendant PIAA is a "state actor" within the Commonwealth of Pennsylvania. *See Campbell v. Pa. Interscholastic Athletic Ass'n (Office of Open Records)*, 268 A.3d 502, (2021 Pa. Cmmw.), citing, *School Dist. v. Pennsylvania Interscholastic Athletic Ass'n.*, 453 Pa. 495, 309 A 2d. 353 (Pa. 1973); *see also Commonwealth by Packel v. Pennsylvania Interscholastic Athletic Ass'n.*, 334 A.2d 839 (Pa. Cmmw. 1975).

68.    As a "state actor," Defendant PIAA is prohibited from discriminating against Plaintiffs in violation of their rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

69.    Defendant PIAA's policy of excluding Student Plaintiff and other similarly situated students from eligibility to participate in PIAA governed interscholastic sports is arbitrary and denies Parent Plaintiff his right to freedom of association by forcing him to choose between enrolling his child in a secular private school and having his child be eligible to participate in PIAA governed athletics.

70.    Defendant PIAA's policy of excluding Student Plaintiff and other similarly situated students from eligibility to participate in PIAA governed interscholastic sports does not survive strict scrutiny and is not rationally related to a legitimate governmental interest.

71.     As such, the PIAA policy disallowing secular private school students from participating in PIAA governed interscholastic activities is unconstitutional, and the PIAA should be enjoined from enforcing this policy.

## COUNT III

**PLAINTIFFS v. DEFENDANT**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**EQUAL PROTECTION CLAUSE**
**42 U.S.C. § 1983**

72.     All preceding paragraphs of the within Complaint are incorporated by reference and made a part hereof as if fully set forth herein.

73.     Under the Equal Protection Clause, Section I of the Fourteenth Amendment, "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, § 1; *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985).

74.     The purpose of the Equal Protection Clause of the Fourteenth Amendment is to ensure that every person within a state's jurisdiction is protected against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 (2000).

75. "The Equal Protection Clause 'announces a fundamental principle: the State must govern impartially,' and 'directs that all persons similarly circumstanced

shall be treated alike.' Therefore, [g]eneral rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply' with the Equal Protection Clause. Only when a state 'adopts a rule that has a special impact on less than all persons subject to its jurisdiction' does a question arise as to whether the equal protection clause is violated. *See Alexander v. Whitman,* 114 F.3d 1392, 1403, (3d Cir.1997), (quoting *New York City Transit Authority v. Beazer,* 440 U.S. 568, 587, 99 S. Ct. 1355, 1367, 59 L. Ed. 2d 587 (1979); *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982); *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S. Ct. 560, 561-62, 64 L. Ed. 989 (1920)).

76.    Defendant PIAA is a "state actor" within the Commonwealth of Pennsylvania. *See Campbell v. Pa. Interscholastic Athletic Ass'n (Office of Open Records)*, 268 A.3d 502, (2021 Pa. Cmmw.), citing, *School Dist. v. Pennsylvania Interscholastic Athletic Ass'n.*, 453 Pa. 495, 309 A 2d. 353 (Pa. 1973); *see also Commonwealth by Packel v. Pennsylvania Interscholastic Athletic Ass'n.*, 334 A.2d 839 (Pa. Cmmw. 1975).

77.    As a "state actor," Defendant PIAA is prohibited from discriminating against Plaintiffs in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

78.    As demonstrated in the graphic below, the current PIAA Bylaws afford virtually *all* students attending Pennsylvania public *and* private schools the right to

participate in PIAA governed athletics *except* students attending secular private

schools.

| Students Eligible to Participate in PIAA Sports | Students Not Eligible to Participate in PIAA Sports |
| --- | --- |
| • **Students are enrolled in a public secondary school.**<br><br>• **Students who are home-schooled.**<br><br>• **Students who attend alternative schools.**<br><br>• **Students who attend magnet schools.**<br><br>• **Students who attend technology schools.**<br><br>• **Students who attend charter schools.**<br><br>• **Students who attend cyber charter schools.**<br><br>• **Students who attend *faith-based* private schools. (Changed in 10/2025) (Emphasis added)**<br><br>• **Students who are privately tutored.**<br><br>• **Students who attend classes at a public school in another** | • **Students who attend *secular* private schools.** |

|  |  |
|---|---|
| **school district other than their district of residence.**<br><br>• **Students placed by the Court.**<br><br>• **Students placed due to disability.**<br><br>**Source: PIAA Bylaws, Exhibit A, pp. 13-14** |  |

79.    Defendant PIAA refuses to treat students enrolled at secular private schools in the same manner it treats students of all other types of public and private schools.

80.    This distinction in treatment is not rationally related to any legitimate governmental interest. *See, Boyle by Boyle v. Pennsylvania Interscholastic Athletic Ass'n*, 676 A.2d 695, 702 (Pa. Commw. Ct. 1995).

81.    As such, the PIAA policy disallowing secular private school students from participating in PIAA governed interscholastic activities is unconstitutional and the PIAA should be enjoined from enforcing this policy.

## COUNT IV

**PLAINTIFFS v. DEFENDANT**
*MONELL CLAIM*
**42 U.S.C. § 1983**

82.     All preceding paragraphs of the within Complaint are incorporated by reference and made a part hereof as if fully set forth herein.

83.     Defendant PIAA has established a policy, practice, and custom of deliberate indifference to the rights of the Plaintiffs in violation of the First and Fourteenth Amendments of the United States Constitution. *See, Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

84.     As such, the PIAA policy disallowing secular private school students from participating in PIAA governed interscholastic activities is unconstitutional and the PIAA should be enjoined from enforcing this policy.

## COUNT V

**PLAINTIFFS v. DEFENDANT**
**STATE LAW CLAIM**

85.     All preceding paragraphs of the within Complaint are incorporated by reference and made a part hereof as if fully set forth herein.

86.     Defendant PIAA's policy of excluding students of secular private schools is arbitrary and capricious.

27

87.    Defendant PIAA's policy of excluding students of secular private schools is inconsistent with its Equal Opportunity Statement within its Constitution stating that it "believes that *all* boys and girls should have equal opportunity to participate in all levels of interscholastic athletics regardless of race, color, sex, creed, religion or ethnic background." (Emphasis added) See, Exhibit A, p. 1.

88.    An administrative action will be found to be arbitrary and capricious where it is unsupportable on any rational basis because there is no evidence upon which the action may be logically based. *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 467 (2020) (quoting *Adams Cty. Interfaith Hous. Corp. v. Prevailing Wage Appeals Bd.*, 981 A.2d 352, 358 (Pa. Commw. Ct. 2009)).

89.    Because Defendant PIAA's policy of disallowing students from secular private schools is unsupportable on any rational basis, it is arbitray and capricious, and Defendant PIAA should be enjoined from its enforcement.

90.    Plaintiffs have suffered harm as a direct result of Defendant's discriminatory conduct towards them and similarly situated students of secular private schools.

91.    Specifically, Student Plaintiff's exclusion has caused him concrete, immediate injury as follows:

(a)    denial of benefits of public-school athletics (including team

participation, athletic training, competition opportunities, exposure to

college recruiters, social and emotional benefits from team activity, and

potential scholarship prospects);

(b)    humiliation and stigma associated with exclusion based on his

school's secular status; and

(c) emotional distress.

92.    Injunctive relief is necessary to prevent continued irreparable harm to

Plaintiffs that cannot be adequately compensated by damages.

93.    The violation of constitutional rights is *per se* irreparable harm. "The

loss of First Amendment freedoms, even for minimal periods of time,

unquestionably constitutes irreparable injury." *See, Roman Catholic Diocese of*

*Brooklyn v. Cuomo*, 592 U.S. 14, 19, 141 S. Ct. 63, 67-68, 208 L. Ed. 2d 206

(2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d

547 (1976).

94.    Injunctive relief would restore the "status quo" under which Plaintiffs

fully enjoyed their rights under the First and Fourteenth Amendments.

95.    Alternatively, injunctive relief will alter the status quo by

commanding that Defendant PIAA declare students of secular private schools

eligible to participate in PIAA governing athletic activities.

96.    In either case, Plaintiffs' prayer for relief is clear, and Plaintiffs are likely to prevail on the merits of their claims.

97.    Plaintiff's prayer for relief is narrowly tailored to abate the improper conduct of Defendant PIAA and injunctive relief will not adversely impact the public interest.

98.    Plaintiffs have satisfied each of the elements necessary for preliminary and mandatory injunctive relief, and injunctive relief is appropriate in this matter to prevent further violations of Plaintiffs' Constitutional Rights.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Honorable Court grant Plaintiffs relief as follows:

1. An Order finding Defendant PIAA's conduct of excluding Student Plaintiff and other similarly situated students enrolled in secular private schools from participating in PIAA governing interscholastic athletics violates the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution;

2. An Order finding Defendant PIAA's conduct of excluding Student Plaintiff and other similarly situated students enrolled in secular private schools from participating in PIAA governing interscholastic athletics violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

3. An Order enjoining Defendant PIAA's discriminatory conduct;

4. An Order requiring Defendant PIAA to grant Student Plaintiff and similarly situated students the right to participate in PIAA governed interscholastic athletics at their respective home schools if the same PIAA governed interscholastic athletic activities are not available at the students' respective secular private schools;

5. An Order awarding compensatory, nominal, and punitive damages against Defendant pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial;

6. An Order awarding counsel fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 to the Plaintiffs and requiring Defendant PIAA to reimburse the same;

7. An Order awarding pre- and post-judgment interest on any damages award; and

8. An Order granting any other relief deemed appropriate by the Court.

Respectfully submitted:

**ABDNOUR WEIKER, LLP**

By: */s/ Mark A. Weiker*
          Mark A. Weiker, Esquire
          PA I.D. No. 331431
          mark@education-rights.com

          Kathleen Mahoney, Esquire
          PA ID No. 77873
          kathleen@education-rights.com

          *Counsel for Plaintiffs*

.