IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.R., individually and as the parent and natural guardian of A.R., a minor,<br><br>　　　　Plaintiffs<br><br>　　　　v.<br><br>PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, Inc.,<br><br>　　　　Defendant | Case No. 1:25-cv-02177-JPW |

# **ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of **Plaintiffs' Motion for a Preliminary Injunction**, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**, and pending further Order of the Court, Defendant PIAA is enjoined from declaring Student Plaintiff and other similarly situated secular private school students ineligible to participate in PIAA governed interscholastic athletic activities at their respective home school districts if such PIAA governed interscholastic athletic activities are not available at their respective secular private schools.

Student athletes who are enrolled in Pennsylvania secular private schools are hereby declared eligible to participate in the PIAA governed interscholastic athletic

activities available at their respective home districts if the interscholastic athletic activity is not available at their Pennsylvania secular private school.

A Hearing is scheduled for _____, 2025, at _____, \_\_\_.m., at which time evidence may be admitted in support of and in opposition to the motion and oral argument shall be heard regarding Plaintiff's Motion for Injunctive Relief.

**BY THE COURT:**

_____
**WILSON, JENNIFER P., J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.R., individually and as the parent and natural guardian of A.R., a minor, | : : : : | Case No. 1:25-cv-02177-JPW |
| Plaintiffs | : : : | |
| v. | : : | |
| PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, Inc., | : : : | |
| Defendant | : : | |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff, B.R., individually and as the parent and natural guardian of A.R., a minor, by his undersigned counsel, file the within Motion for a Preliminary Injunction pursuant to Fed. R. Civ. Pro. 65, and in support thereof avers as follows:

1. Plaintiff B.R. (hereinafter "Parent Plaintiff"), individually and as the parent and natural guardian of A.R. (hereinafter "Student Plaintiff"), has filed a Civil Action Complaint against Defendant Pennsylvania Interscholastic Athletic Association, Inc. (hereinafter "PIAA" or "Defendant PIAA") alleging that Defendant PIAA's policy of excluding secular private school students, including Student Plaintiff, from eligibility to participate in PIAA governed interscholastic athletics violates Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and under state law.  (See Doc. 1).

1

2. To the extent that the averments are not set forth herein, Plaintiffs incorporate by reference the averments of their Complaint which are made a part hereof as if fully set forth herein.

3. Under its Constitution and Bylaws, Defendant PIAA provides students who are enrolled in Defendant PIAA member schools and who otherwise meet the eligibility criteria established by the PIAA the right to participate in PIAA governed interscholastic athletics.

4. Specifically, Defendant PIAA's Bylaws establish criteria for eligibility to participate in PIAA governed interscholastic athletics as follows:

**Art. III, Section 1. Where Enrolled for Attendance.**

To be eligible to participate in an Inter-school Practice, Scrimmage, or Contest, a student must be regularly enrolled in a secondary school and in full-time attendance or be home-schooled.

Except as otherwise provided in this ARTICLE, a student is eligible only at the school at which the student is enrolled.

(Doc. 1, Ex. A, p. 13).

5. Defendant PIAA's Bylaws then create numerous exceptions to the general rule that students are "eligible only at the school at which the student is enrolled…" (Doc. 1, Ex. A, p. 13).

6. These exceptions include:

**Art. III, Section 5. Alternative School Students, Magnet School Students, and Technology School Students.**

Alternative School students, Magnet School students, and Technology School students are eligible at only one school for all interscholastic athletics. A student attending an Alternative School, a Magnet School, or a Technology School on a full-time basis is eligible only at said school if said school offers one or more interscholastic athletic programs. A part-time Alternative School student attending a full-time Alternative School, a part-time Magnet School student attending a full-time Magnet School, and a part-time Technology School student attending a full-time Technology School is eligible only at the school which the student would otherwise attend by virtue of the student's residence. All students attending Alternative Schools, Magnet Schools, or Technology Schools, which do not offer any interscholastic athletic programs, are eligible to participate in interscholastic athletics at the schools that the students would otherwise attend by virtue of their residences.

(Doc. 1, Ex. A, p. 14).

> 7. **Art. III, Section 6. Charter School, Cyber Charter School and *Faith Based School Students*.**
>
> Students enrolled in a Charter School, Cyber Charter School and Faith Based School are eligible only at said school in those interscholastic sports sponsored by that school. In accommodating participation by students enrolled in a Charter, Cyber Charter *or Private Faith Based School for sports not sponsored by their school*, the following provisions apply:
>
> > A.) Schools are encouraged to enter into a Cooperative Sponsorship Agreement with another PIAA-Member school, as detailed under Article III, Section 10. A Cooperative Sponsorship Agreement will afford all students enrolled in the school the opportunity to participate as part of the Agreement; or
> >
> > B.) Absent a Cooperative Sponsorship Agreement, students enrolled in a Charter, Cyber Charter or *Private Faith Based School that does not offer a particular interscholastic sport(s) are eligible to participate in that*

3

> *sport(s) at the school which they would otherwise attend, in the public school district of their residences*, provided that the students meet all other eligibility requirements, including, but not limited to , school verified evidence of full-time attendance, enrollment and completion of the CIPPE. (Emphasis added in *italics*).

(Doc. 1, Ex. A, p. 14).

    8.    **Art. III, Section 7.  Privately-Tutored and/or Home-Schooled Students.**

Students instructed by a properly qualified private tutor under Section 1327 of the Public School Code of 1949 and/or students participating in a home education program under Section 1327.1 of the Public School Code of 1949 are eligible only at the public schools that the students would otherwise attend by virtue of their residences and, for purposes of Cooperative Sponsorship of a Sport agreements, are deemed to be enrolled at the public schools that the students would otherwise attend by virtue of their residences.

(Doc. 1, Ex. A, p. 14).

    9.    **Art. III, Section 8A.  Multi-Public School District Academic Arrangements.**

A.    Where students are enrolled in a public school in the public school district of their residence but, pursuant to an agreement between public school districts, attend all of their classes on a full-time basis at a public school in another public school district, the student may be declared eligible by the District Committee for such sport(s) at either (1) a school in the public school district in which the school the student attends is geographically located or (2) at a school in the student's home public school district.  The determination of eligibility shall be made by the District Committee upon its receipt of a written statement from the Principal of the school at which the student will participate that said school will permit the student to participate on its interscholastic athletic Team(s) in such sport(s), and

4

the determination by the District Committee that the student has not transferred for an athletically motivated purpose or has been recruited.

NOTE:   Absent an agreement between public school districts, a student seeking eligibility at a school other than their school district of their residence will have their eligibility determined under Article VI, Transfers, Residence, and Recruiting, Section 4, 5, or 7, of the PIAA Bylaws.

(Doc. 1, Ex. A, p. 14).

    10.    **Art. III, Section 8B.  Students Placed by Court Order or as Result of Disability.**

A student who has been placed in a school either by court order or because the student is a Student With A Disability whose Individual Education Plan (IEP) has concluded that the student's educational needs could not be accommodated in the public school that the student would otherwise have attended, may be declared eligible by the District Committee for such sport(s) at (1) the school the student is attending; (2) a public school in the public school district in which the school the student attends is geographically located; or (3) at the public school the student would otherwise have attended in the student's home public school district.  The determination of eligibility shall be made by the District Committee upon its receipt of a written statement from the Principal of the school at which the student will participate that said school will permit the student to participate on its interscholastic athletic Team(s) in such sport(s), and the determination by the District Committee that the student has not transferred for an athletically motivated purpose or has been recruited. Appointment of a legal guardian for the student, or court approval of an agreement between separating or divorcing parents, does not by itself constitute placement in a school by court order. When the District Committee has declared a student eligible at a school, the District Committee may not declare that student eligible at any other school at which the student could have been declared eligible unless, in addition to the other requirements of this provision, it receives a written statement from the Principal of the school at which the student has been declared eligible that 14   2025-2026 BYLAWS   15 said school will no longer permit that student to participate or compete for a position on any of its interscholastic athletic Teams.

5

(Doc. 1, Ex. A, p. 14-15).

11. In addition to students who are enrolled at PIAA member public schools, Defendant PIAA has granted eligibility to students who attend alternative schools, magnet schools, technology schools, charter schools, cyber charter schools, and faith based private schools.

12. Athletic eligibility is also available for students who are privately tutored or home-schooled, students who are placed by order of the court, and students who are placed as a result of a disability.

13. These students are eligible to participate in PIAA governed athletic programs at schools in which the students are not enrolled based upon their residency within their respective member school districts.

14. Importantly, Section 6 of Article III of the PIAA's Bylaws (as set forth in ¶ 7), was recently amended as a result of litigation brought in this Court. *See Religious Rights Foundation of PA v. PIAA*, 4:25-CV-1406 (M.D. Pa. 2025) (hereinafter referred to as the "*Religious Rights*" litigation).

15. The *Religious Rights* litigation was brought by the St. Thomas More Society on behalf of students attending faith based private schools and challenged

the constitutionality of the PIAA's exclusion of students attending faith-based private schools from athletic eligibility. [1]

16. Prior to the *Religious Rights* litigation, the PIAA excluded *all* private school students from athletic eligibility.

17. On September 15, 2025, this Court entered an Interim Consent Order in the *Religious Rights* litigation which ordered that "students athletes who are enrolled in Pennsylvania faith-based schools are hereby declared eligible to participate in the PIAA governed interscholastic athletic activities available at their respective home districts if the interscholastic athletic activity is not available at their Pennsylvania faith-based school." (Doc. 1, Ex. B).

18. The Interim Order of the *Religious Rights* litigation resulted in the PIAA amending Article III, Section 6 of its Bylaws to allow students attending faith-based private schools to participate in PIAA sports. As of the filing of this Complaint, the Constitution and Bylaws appear to have been most recently amended as of November 6, 2025. The relevant amendments to Section 6 of the Bylaws are highlighted in italics in ¶ 7, supra.

19. The newly adopted eligibility rule does not extend athletic eligibility to students attending secular private schools.

---

[1] The PIAA Constitution and Bylaws define "Private Faith Based School" as A Pennsylvania nonpublic school that integrates religious beliefs into their educational programs and activities. See, Doc. 1, Ex. A, p. 47.

20. A news article appearing online at TribLive on October 16, 2025 states that when asked why the PIAA was not extending eligibility to *all* Pennsylvania private school students, "PIAA executive director Bob Lombardi…said the PIAA board chose not to expand the policy beyond what specifically was requested in the settled lawsuit."

21. As of the filing of this Complaint, the PIAA has not offered any public explanation for its decision to extend eligibility to students of faith-based private schools while denying it to their secular private school counterparts.

22. Moreover, virtually all Pennsylvania students are now eligible to participate in PIAA sports *except* students who attend secular private schools, as demonstrated in the graphic below:

| **Students Eligible to Participate in PIAA Sports** | **Students Not Eligible to Participate in PIAA Sports** |
|---|---|
| - **Students are enrolled in a public secondary school.**<br>- **Students who are home-schooled.**<br>- **Students who attend alternative schools.**<br>- **Students who attend magnet schools.**<br>- **Students who attend technology schools.** | - **Students who attend *secular* private schools.** |

|  |  |
|---|---|
| • **Students who attend charter schools.**<br><br>• **Students who attend cyber charter schools.**<br><br>• **Students who attend *faith-based* private schools. (Changed in 10/2025) (Emphasis added)**<br><br>• **Students who are privately tutored.**<br><br>• **Students who attend classes at a public school in another school district other than their district of residence.**<br><br>• **Students placed by the Court.**<br><br>• **Students placed due to disability.**<br><br>Source: PIAA Bylaws, pp. 13-14 (Doc 1, Ex. A). |  |

23. The PIAA's selective expansion of eligibility for religiously affiliated students while denying it to secular private school students is the core of the discriminatory practice challenged in this litigation.

24. On October 16, 2025, upon learning QVSD had rejected a co-op arrangement with Student Plaintiff's secular private school, Parent Plaintiff sent a letter to the Athletic Director and the Superintendent of the QVSD requesting that

9

Student Plaintiff, who attends a secular private school with no wrestling program, be permitted to participate in the wrestling program at QVSD.

25. Also on October 16, 2025, Parent Plaintiff sent a letter to Defendant PIAA protesting the amendments to Section 6 of the Bylaws insofar as they wrongly discriminate against students attending secular private schools. The letter urged the PIAA to take immediate action to ameliorate the constitutional improprieties caused by the amendments. To date, Plaintiff has not received a response from the PIAA.

26. By letter dated October 28, 2025, QVSD Superintendent of Schools, Tammy Andreyko, denied Plaintiff Parent's request, stating that,

> The Interim Consent Order that the Pennsylvania Interscholastic Athletic Association (PIAA) entered into on September 15, 2025, applies only to students who attend faith-based (parochial) schools whose schools do not offer the sport in question. Under that order, such students are now eligible to participate on public school athletic teams under current regulations…
>
> At this time, the order does not apply to students attending non-faith based private schools…The PIAA has not amended its bylaws to extend eligibility to secular private schools, and therefore, those students remain ineligible to participate on public school athletic teams under current regulations.
>
> Because Quaker Valley is a member district of the PIAA, we are required to comply with all eligibility rules established by that governing body. We are not permitted to allow ineligible athletes to participate in our team without risking sanctions or penalties. Eligibility determinations are governed by the PIAA, not individual administrators. Our Athletic Director will follow directions from the PIAA policy until any further changes are made.

(Doc. 1 Ex. C).

27.     Upon receipt of this letter, Parent Plaintiff attended a public meeting of the QVSD School Board where he requested reconsideration of this decision.

28.     Parent Plaintiff has attempted to resolve this matter in good faith with the PIAA and the QVSD.

29.     Parent Plaintiff and Student Plaintiff have suffered, and continue to suffer, an injury in fact, as a direct result of Defendant PIAA's discriminatory conduct as set forth herein.

30.     Plaintiffs will successfully demonstrate that the current PIAA policy of excluding secular private school students from athletic eligibility violates their rights in numerous ways including, but not necessarily limited to:

(a)     Their rights under the Free Exercise Clause of the First Amendment.

(b)     Their rights under the Establishment Clause of the First Amendment.

(c)     Their rights under the Free Association Clause of the First Amendment.

(d)   Their rights under the Due Process Clause of the Fourteenth Amendment.

(e)   Their rights under the Equal Protection Clause of the Fourteenth Amendment.

(f)   Their rights to be free from a policy, custom, or practice of deliberate indifference to their constitutional rights under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

(g)   Their right to be free from arbitrary and capricious administrative decisions under Pennsylvania state law.

31.   Defendant PIAA's policy of excluding secular private school students from athletic eligibility does not withstand strict scrutiny under any First Amendment analysis. "Because the challenged restrictions are not 'neutral' and of 'general applicability,' they must satisfy 'strict scrutiny,' and this means they must be 'narrowly tailored' to serve a 'compelling' state interest." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 18, 141 S. Ct. 63, 67, 208 L. Ed. 2d 206, 209 (2020) (quoting *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 533, 113 S. Ct. 2217, 2019-21, 124 L. Ed. 2d 472 (1993).

32.   Further, Defendant PIAA's policy of excluding secular private school students from athletic eligibility fails to satisfy the rational basis test

under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

33. Plaintiffs request relief that will enjoin and prohibit Defendant PIAA from continuing to act in a discriminatory manner toward Plaintiffs and toward similarly situated individuals.

34. Injunctive relief is necessary to prevent continued irreparable harm to Plaintiffs that cannot be adequately compensated by damages.

35. The violation of a constitutional right is *per se* irreparable harm. "The loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19, 141 S. Ct. 63, 67-68, 208 L. Ed. 2d 206, 209-210 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)).

36. Defendant PIAA will not be harmed if injunctive relief is granted to Parent Plaintiff and Student Plaintiff.

37. Plaintiff's prayer for relief is clear and Plaintiffs are likely to prevail on the merits of their claims.

38. Plaintiff's prayer for relief is narrowly tailored to abate the improper conduct of Defendant PIAA and injunctive relief will not adversely impact the public interest.

39.     Plaintiffs have satisfied each of the elements necessary for injunctive relief and injunctive relief is appropriate in this matter to prevent further violations of Plaintiffs' Constitutional Rights.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Honorable Court grant Plaintiffs relief as follows:

1. An Order enjoining Defendant PIAA's discriminatory conduct;

2. An Order finding Defendant PIAA's conduct of excluding Student Plaintiff and other similarly situated students enrolled in secular private schools from participating in PIAA governing interscholastic athletics violates the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution;

3. An Order finding Defendant PIAA's conduct of excluding Student Plaintiff and other similarly situated students enrolled in secular private schools from participating in PIAA governing interscholastic athletics violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

4. An Order requiring Defendant PIAA to grant Student Plaintiff and similarly situated students the right to participate in PIAA governed interscholastic athletics at their respective home schools if the same PIAA governed interscholastic athletic activities are not available at the students' respective secular private school;

5. An Order awarding counsel fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 to the Plaintiffs and requiring Defendant PIAA to reimburse the same;

6. An Order granting any other relief deemed appropriate by the Court.

Respectfully submitted:

**ABDNOUR WEIKER, LLP**

By: /s/ *Mark A. Weiker*
    Mark A. Weiker, Esquire
    PA I.D. No. 331431
    mark@education-rights.com

    Kathleen Mahoney, Esquire
    PA ID No. 77873
    kathleen@education-rights.com

    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Motion on all counsel of record by operation of the Court's electronic filing system.

**ABDNOUR WEIKER, LLP**

By: /s/ *Mark A. Weiker*
    Mark A. Weiker, Esquire
    PA I.D. No. 331431
    mark@education-rights.com

    Kathleen Mahoney, Esquire
    PA ID No. 77873
    kathleen@education-rights.com

    *Counsel for Plaintiffs*

Dated: November 19, 2025